Filed 4/3/14  In re M.V. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re M.V et al., Persons Coming Under the Juvenile Court Law. | B250522 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK76752) |
| Plaintiff and Respondent, | |
| v. | |
| MICHELLE A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Juvenile Court Referee.  Dismissed.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel, John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Stephen D. Watson, Deputy County Counsel, for Plaintiff and Respondent.

_____

Michelle A. (mother) appeals from an order of July 5, 2013 denying, without a hearing, her June 18, 2013 Welfare and Institutions Code section 388 petition[1] for return of M.V., D.V., R.V., A.V., and M.A.V. or unmonitored weekend overnight visits.[2] She contends the order was an abuse of discretion in that the petition made a prima facie showing requiring a hearing on the merits of the petition. She asks this court to reverse the order and remand the case for an evidentiary hearing on the section 388 petition. Subsequently, on October 3, 2013, mother filed another section 388 petition, requesting the same relief that she requested in her June 18 petition. On October 10, 2013, the dependency court ordered a contested evidentiary hearing to be held on the October 3 petition.[3] These subsequent events have rendered the issue moot. Accordingly, we dismiss the appeal.[4]

" '[A]n action that originally was based on a justifiable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 642, p. 669.)" (*In re Dani R*. (2001) 89 Cal.App.4th 402, 404.) (Accord, *In re Esperanza C*. (2008) 165 Cal.App.4th 1042, 1054 ["An appeal

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] Under section 388, the dependency court should modify an order if circumstances have changed such that the modification would be in the child's best interest. (*In re Kimberly F*. (1997) 56 Cal.App.4th 519, 526 & fn. 5.)

[3] We have taken judicial notice of the dependency court's minute orders of October 10, 2013 and January 9, 2014, the section 388 petition mother filed on October 3, 2013, and letter from the dependency court to mother dated October 21, 2013. (Evid. Code, § 452, subd. (d).)

[4] We provided the parties an opportunity to address whether mother's contention concerning the June 18 petition is now moot, based on the minute orders of October 10, 2013 and January 9, 2014, mother's October 3, 2013 section 388 petition, and the letter from the dependency court to mother dated October 21, 2013.

2

becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief"]; (*Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364 [" 'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief. [Citation.]' "].)

Reversal of an order does not return the matter to the same facts and circumstances as existed when the order was made. (*In re Arturo A.* (1992) 8 Cal.App.4th 229, 244.) "This is because the focus of the hearing always must be upon the best interests of the child. The new hearing would entail not only the facts and evidence brought forth at the original hearing, but of necessity would require evidence as to the current status of the child." (*Ibid.*)

The issue mother raises concerning whether the court abused its discretion in denying the June 18 petition without a hearing is now moot. The court granted mother a contested hearing on the October 3 petition, in which she requests the same relief as she requested in the June 18 petition.[5] Reversal of the July 5, 2013 order, and remand for a hearing on the June 18 petition, would be of no practical effect, because a hearing on the June 18 petition would require evidence of current facts concerning changed circumstances and the children's best interest, just as will be required in the hearing the dependency court ordered on the October 3 petition. Accordingly, the appeal must be dismissed, as there is no effective relief that can be given.

---

[5]    Whether, after the dependency court holds a contested hearing on the October 3 petition, the court grants the relief requested in the petition, is irrelevant to the issue on appeal. The sole issue on appeal concerns denial of a hearing on the petition, not denial of the relief requested in the petition.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.